THE FEDERAL LAND BANK OF BALTIMORE, Appellant, *v.* REGISTRAR OF PROPERTY OF GUAYAMA, Respondent.

No. 833. Argued February 12, 1931.—Decided May 20, 1931.

C. *Domínguez Rubio* for appellant. The registrar appeared by brief.

MR. JUSTICE WOLF delivered the opinion of the Court.

This was originally a summary mortgage proceeding wherein the creditor caused a demand (*requerimiento*) to be made upon Félix Ramiú and his wife inasmuch as the said Félix Ramiú appeared in the registry as owner of the mortgaged property. Nevertheless the creditor knew that the property had been alienated to José Roche Morales, although the sale

was not recorded. Instead of making a demand upon the latter, as he had done against Ramiú, the creditor set out in the complaint the fact of the alienation and requested that the said José Roche Morales and also a second mortgagee be notified of the complaint. The proper marshal notified the said José Roche Morales with a copy of the complaint in accordance with the order of the court. The auction sale took place. The creditor, The Federal Land Bank of Baltimore, bought in the property. A deed to the said property was executed by the said marshal in favor of the Federal Land Bank.

The deed was refused record substantially on the ground that a formal demand under section 170 of the Mortgage Rules should have been made.

We conclude that under said section 170 the only persons who are entitled to the formal demand are the persons who have their titles recorded. As to all others a simple notice of the proceedings is enough. The registrar argues that as the creditor had notice of the sale the purchaser was entitled to a demand; that the purchaser could not be considered a third person and other arguments that we need not reproduce. It is true that the creditor who knew of the sale could not perfect his title without some notice to the purchaser, but the only persons who are entitled to a formal demand are those who have their property recorded. *Ojeda* v. *Registrar*, 39 P.R.R. 219. As to anyone the requisites of a notice and an opportunity to be heard are sufficiently fulfilled by serving a copy of the complaint. There is nothing in the case of *Arroyo* v. *Zavala*, 40 P.R.R. 257, to the contrary.

The ruling should be reversed and the papers returned for further proceedings not inconsistent with this opinion.